MEMORANDUM *
Elias Manuel Custodio appeals the district court’s order denying his petition for *514 a writ of habeas corpus. We affirm. On the basis of the record before us, we cannot say that the Idaho Court of Appeals’ determination that Custodio voluntarily, knowingly, and intelligently waived his Miranda rights, see Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was objectively unreasonable. See 28 U.S.C. § 2254(d). There is no evidence that police overbore Custodio’s will during the interrogation. See Colorado v. Connelly, 479 U.S. 157, 165, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). After he was involved in a confrontation, Custodio turned himself in and voluntarily participated in a police interrogation. He did not ask officers to stop questioning him or otherwise state he wanted to end the interview. When he requested a lawyer, officers respected his request.
That Custodio was intoxicated, fatigued, and in pain does not change the result. The Idaho Court of Appeals determined that, despite these handicaps, Custodio was coherent, responsive, alert, and fully oriented. This factual determination was not unreasonable. See 28 U.S.C. § 2254(d)(2). Accordingly, Custodio’s waiver of his Miranda rights was effective. See United States v. Doe, 155 F.3d 1070, 1075 (9th Cir.1998) (en banc); United States v. Martin, 781 F.2d 671, 673-74 (9th Cir.1986).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.